# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-527V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| HEATHER L. FOSTER, | * | Special Master Corcoran |
| | * | |
| | * | |
| Petitioner, | * | Filed: September 11, 2018 |
| | * | |
| v. | * | |
| | * | Attorney's Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Christine Mary Becer*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING FINAL ATTORNEY'S FEES AND COSTS[1]

On April 14, 2017, Heather Foster filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of her October 17, 2015, Tetanus diphtheria-aceullular-pertussis ("Tdap") vaccine. On February 28, 2018, Respondent filed a Stipulation (ECF No. 22), which I adopted as my Decision awarding damages on that same day (ECF No. 23).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Before me now is Petitioner's application for final attorney's fees and costs, dated August 5, 2018 (ECF No. 28) ("Fees App."), requesting reimbursement in the total amount of $15,257.47 (representing $15,242.80 in attorney's fees, plus $14.67 in costs). Fees App. at 1. In addition, and pursuant to General Order No. 9, Petitioner certifies that she has expended $400.00 in pursuit of her claim for compensation. *Id.* at 2. Respondent reacted to the motion on August 20, 2018, indicating that he is satisfied that the statutory requirement for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. ECF No. 29 at 2-3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final attorney's fees and costs in the amount of **$15,257.47**, and final Petitioner's costs in the amount of **$400.00**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate amount of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

Petitioner requests the following rates of compensation for her attorney, Ms. Leah Durant: $365 per hour for work performed in 2017, and $377 per hour for work performed in 2018. Fees App. Ex. 1 at 6. Petitioner also requests that Ms. Durant's paralegal be compensated at $145 per hour for work performed in 2017 and $150 per hour for work performed in 2018. *Id.*

Ms. Durant has previously been found to be entitled to in-forum rates, and the rates sought within have been previously found to be reasonable. *See, e.g., Hanson v. Sec'y of Health & Human Servs.*, No. 16-997V, 2018 WL 2772519, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2018); *Goins v. Sec'y of Health & Human Servs.*, No. 15-848V, 2018 WL 702104, at *7 (Fed. Cl. Spec. Mstr. Jan. 10, 2018). Additionally, the paralegal rates sought are within the prescribed forum range, and have also been found to be reasonable. *Id.* Accordingly, no adjustment to the rates requested is required.

I also find the hours spent on this matter (42.9) to be reasonable, and Respondent has not otherwise identified any particular entries as objectionable. Accordingly, I will not reduce the hours requested. Therefore, because no changes shall be made to the requested rates or hours, Petitioner is entitled to the full amount of attorney's fees sought, **$15,242.80**.

Petitioner requests litigation costs in the amount of $14.67. Fees App. at 1. The requested cost is for mailing documents via FedEx. This cost is typical for Vaccine Program cases, and Petitioner has provided a receipt to support the requested cost, and it shall be awarded in full. Petitioner also asserts that she has personally incurred $400.00 in costs for paying the filing fee in this case. Petitioner has also substantiated this cost, and it shall be awarded in full. Accordingly, I will award Petitioner the full amount requested for costs, **$14.67** in attorney's costs and **$400.00** in personally incurred costs.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award **(a)** a total of **$15,257.47** (representing $15,242.80 in attorney's fees and $14.67 in costs) as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Ms. Leah Durant, Esq., and **(b) $400.00** as a lump sum in the form of a check payable to Petitioner. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master
